UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-mj-8408-WM

UNITED STATES OF AMERICA

v.

PASQUAL JUAN PASCUAL-MIGUEL,

Defendant.
_____/

FILED BY ___SW___ D.C.
Jul 28, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?   No

3. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?   No

4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024?   No

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

BY: _____
JOHN C. McMILLAN
ASSISTANT UNITED STATES ATTORNEY
Admin. No. A5500228
500 S. Australian Ave., Suite 400
West Palm Beach, FL 33401
Office:   (561) 820-8711
John.mcmillan@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Pascual Juan PASCUAL-MIGUEL,<br><br>*Defendant(s)* | )<br>)<br>) Case No. 25-mj-8408-WM<br>)<br>)<br>) |

FILED BY ____SW____ D.C.

Jul 28, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __July 27, 2025__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) and (b)(1) | Reentry After Deportation |

This criminal complaint is based on these facts:
See attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Andy Korzen, Deportation Officer, ICE
*Printed name and title*

Subscribed and sworn to before me in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone (Facetime).

Date: __July 28, 2025__

_____
Judge's signature

City and state: __West Palm Beach, Florida__   Hon. William Matthewman, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT
# OF
# ANDY KORZEN
## UNITED STATES DEPARTMENT OF HOMELAND SECURITY
## IMMIGRATION AND CUSTOMS ENFORCEMENT
### Case No. 25-mj-8408-WM

I, Andy Korzen, being duly sworn, depose and state as follows:

1. I am a Deportation Officer with the Immigration and Customs Enforcement (ICE) and have been so employed for over twenty-two years. I am currently assigned to the ICE Enforcement and Removal Operations, West Palm Beach, Florida. My duties and responsibilities include enforcing criminal and administrative immigration laws of the United States. I have also conducted and participated in investigations of this nature.

2. This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to believe that Pascual Juan PASCUAL-MIGUEL committed the offense of illegal reentry after removal, in violation of Title 8, United States Code, Section 1326(a) and (b)(1).

3. On July 27, 2025, ICE officers were conducting routine at-large immigration enforcement in Palm Beach County, Florida. During enforcement efforts, ICE observed a black Ford F-150 bearing Florida tag CQ92HA traveling westbound on Lake Worth Road. A record check was performed in the Florida Driver and Vehicle Information Database (DAVID) using tag number CQ92HA. DAVID records showed that the vehicle was registered to Pascual J. PASCUAL-MIGUEL a Guatemalan national with an alien registration number Axxx-xxx-909.

4. A record check was conducted in the Department of Homeland Security (DHS) databases using above listed alien registration number, which revealed that the vehicle's registered owner, that is Pascual Juan PASCUAL-MIGUEL was previously removed from the United States on multiple prior occasions.

5. While driving beside the vehicle, an ICE officer observed a male driving the Ford F-150 who matched the photographic depiction of the individual in the DHS database previously removed from the United States. The black Ford proceeded westbound on Lake Worth Road and eventually made a right turn onto Kirk Road, heading northbound. ICE officer followed the Ford F-150 and initiated a vehicle stop utilizing blue and red emergency lights. The Ford came to a stop on Kirk Road at the intersection with Canal Road, an area within Palm Beach County and the Southern District of Florida.

6. Upon approaching the vehicle, an ICE officer identified himself to the driver as an immigration officer with the Department of Homeland Security. The driver was questioned as to his name and alienage. The driver stated that his name was Pascual PASCUAL-MIGUEL, and that he was from Guatemala, and provided the ICE officer with his Florida driver's license. Pascual Juan PASCUAL-MIGUEL was questioned if he had ever been removed from the United States, and he freely admitted that he had been removed from the United States in the past. Pascual Juan PASCUAL-MIGUEL was placed under arrest for violation of U.S. immigration law and transported to the ICE office in Stuart, Florida for further processing.

7. A review of U.S. DHS immigration records establishes that Pascual Juan PASCUAL-MIGUEL is a native and citizen of Guatemala. Such records further

2

establish that on or about June 20, 2018, Pascual Juan PASCUAL-MIGUEL was granted voluntary departure until July 5, 2018, with an alternate order of removal to Guatemala. Pascual Juan PASCUAL-MIGUEL failed to depart as ordered and the order of removed became effective on or about July 6, 2018. The Order of Removal was executed on or about July 24, 2018, whereby Manuel PEREZ-VELASQUEZ was removed from the United States and returned to Guatemala.

8. Thereafter, Pascual Juan PASCUAL-MIGUEL was apprehended again after having reentered the United States illegally, and on or about March 28, 2019, was ordered removed from the United States. The second Order of Removal was executed on or about April 5, 2019, whereby Pascual Juan PASCUAL-MIGUEL was removed from the United States and returned to Guatemala for the second time.

9. Thereafter, Pascual Juan PASCUAL-MIGUEL re-entered the United States illegally, his prior order of removal was reinstated, and he was removed and returned to Guatemala on two additional separate occasions, on or about following dates: June 27, 2019, and August 24, 2020.

10. Records further show that on or about March 5, 2019, in the United States District Court, District of Arizona, Pascual Juan PASCUAL-MIGUEL was convicted of the offense of Illegal Entry, case number 19-60386PO-001-PHX-JFM.

11. Further review of the DHS records shows that on or about June 17, 2020, in the United States District Court, District of Arizona, Pascual Juan PASCUAL-MIGUEL was convicted of the felony offense of Reentry of Removed Alien, in Case No. CR-20-00701-001-TUC-FRZ.

12. At the Stuart ICE office, Pascual Juan PASCUAL-MIGUEL's fingerprints were scanned into the IAFIS system. Results confirmed that scanned fingerprints belong to Pascual Juan PASCUAL-MIGUEL, a citizen of Guatemala, who was previously removed from the United States.

13. In post-*Miranda* audio and video recorded interview, Pascual Juan PASCUAL-MIGUEL confirmed that his true and correct name is Pascual Juan PASCUAL-MIGUEL, a citizen and national of Guatemala. He further admitted to last entering the United States illegally, after being previously removed from the United States.

14. A record check was performed in the Computer Linked Application Informational Management System to determine if Pascual Juan PASCUAL-MIGUEL filed an application for permission to reapply for admission into the United States after deportation or removal. After a search was performed in that database system, no record was found to exist indicating that Pascual Juan PASCUAL-MIGUEL obtained consent from the Attorney General of the United States or from the Secretary of Homeland Security, for re-admission into the United States as required by law.

15. Based on the foregoing, I submit that probable cause exists to believe that, on or about July 27, 2025, Pascual Juan PASCUAL-MIGUEL, an alien who has previously been deported and removed from the United States, was found in the United States without having received the express consent from the Attorney General or the

4

Secretary of the Department of Homeland Security for re-admission into the United States, in violation of Title 8, United States Code, Section 1326(a) and (b)(1).

_____
Andy Korzen
Deportation Officer
Immigration and Customs Enforcement

SWORN AND ATTESTED TO ME
TELEPHONICALLY (VIA FACETIME)
BY THE APPLICANT IN ACCORDANCE
WITH THE REQUIREMENTS OF
FED. R. CRIM. P. 4(d) AND 4.1 THIS __28th__
DAY OF JULY, 2025.

_____
**HON. WILLIAM MATTHEWMAN**
**UNITED STATES MAGISTRATE JUDGE**

5

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** Pascual Juan PASCUAL-MIGUEL

**Case No:** 25-mj-8408-WM

**Count # 1**
<u>**Reentry After Deportation (Prior Felon)**</u>
<u>**Title 8, United States Code, Section 1326(a) and 1326(b)(1)**</u>
* **Max. Term of Imprisonment:** 10 years
* **Mandatory Min. Term of Imprisonment (if applicable):** not applicable
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000.00
* **Special Assessment:** $100.00
* **Immigration consequences of removal (deportation) from the United States upon conviction**